Sydney ROTH and Otto Powell, doing business as S. Roth Company,
Appellant,

v.

ROBERTS MANUFACTURING CO.,
a corporation, Appellee.

No. 17082.

United States Court of Appeals
Ninth Circuit.
May 8, 1961.

Lyon & Lyon by Charles G. Lyon, Los Angeles, Cal., for appellant.

Harris, Kiech, Russell & Kern by Ford Harris, Jr., Los Angeles, Cal., for appellee.

Before BARNES, JERTBERG and MERRILL, Circuit Judges.

MERRILL, Circuit Judge.

This appeal is taken from judgment in favor of appellee as plaintiff in a suit for patent infringement. Adams Patent 2,-677,145, held by appellee, was adjudged valid and infringed. The appeal presents no issue of infringement. The sole question relates to validity. Appellant contends that the patent is lacking in invention and that the district court was clearly erroneous in finding otherwise.

The Adams patent is denominated a carpet securing device and deals with the problem, encountered in laying carpet wall-to-wall, of fastening and concealing the cut edge of the carpet.

The art of laying carpet is concerned, among others, with two related problems: (1) that of maintaining the carpet in a stretched condition upon the floor (which we shall denominate the "stretching problem"); (2) that of securing the cut edge of the carpet in such a manner as to prevent unraveling (which we shall designate the "edging problem"). The common method of meeting the stretching problem is to tack the carpet to the floor. The common method of meeting the edging problem is to "turn and tack"—that is, to double the edge under and tack it through its doubled thickness. These methods have long been regarded as unsatisfactory for two reasons: the result is unsightly and the carpet is difficult to remove.

In 1938, appellee applied for and subsequently secured a patent upon a carpet fastener which it has since marketed under the name of "Smoothedge." This device, as stated in the application, was designed to provide "a carpet-anchoring in strip form adapted for both efficient engagement with the carpet and efficient attachment to the floor." It consisted of a narrow strip to be nailed to the floor around the area to be carpeted. From the strip stout pins projected upward and outward upon which the carpet was anchored and against which it was stretched. The device thus met the stretching problem. The edging problem was met simply by mounting a molding upon the carpet and against the wall to secure and conceal the edge. This patented device, marketed as "Smoothedge," met with great success. The patent has now expired and the invention has become an accepted and established part of the art in the public domain.

Other inventions sought a suitable escape from the deficiencies of "turn and tack." Among these was the Watson patent of 1932, No. 2,051,191. The Watson fastener consisted of a metal strip to surround the carpet area. The carpet edge was doubled over the outer edge of the strip. Thus the edging problem was met. The outer edge contained sharp teeth against which the carpet in its doubled state was firmly caught. Thus the stretching problem was met. This invention did not find commercial success. Demonstrations in the district court upon samples of the Watson device showed that application is difficult due to the fact that it is not easy to stretch, impale and double under at the same time. Furthermore, it was shown that the strip is not capable of withstanding stretching tensions to the desired degree. The outer edge tends to pull up.

Appellant contends that the Adams patent, with which we are here concerned, is nothing more than an aggregation of a Smoothedge strip with the Watson patent, both devices old to the art with no new functions performed. We cannot agree.

The Adams device does operate in combination with the Smoothedge type of strip. It is only through such a strip that the stretching problem is met. What is new is the manner in which the device attacks the edging problem.

Smoothedge had one deficiency in the manner in which it met the edging prob-

lem. Molding mounted upon the carpet is all right against a wall but is unsuitable for open stretches such as doorways or around fireplace hearths. In such places resort to "turn and tack" remained necessary. The Adams patent attacked this particular problem.

The device is a metal strip to surround the carpet area. The profile of the strip is a "Z" with its midstroke vertical rather than diagonal. A Smoothedge type of strip is mounted on the base of the "Z" and flush against its vertical midsection. The carpet is anchored on and stretched from the Smoothedge strip. The carpet edge is then passed over the top of the "Z" and folded back under it. The top of the "Z" is then by hammer bent downward until it, with the folded carpet beneath it, is forced against the floor surface.[1]

While it is true that the Adams and Watson patents both meet the edging problem by folding the carpet edge under their respective metal strips, the means by which this end is accomplished are wholly different. With Adams the carpet edge is completely free from tension and thus free and ready for manipulation. With Watson the carpet edge is under tension until the combined operation of stretching and doubling is completed and thus manipulation of the edge is rendered difficult. With Adams the fastening of the edge is by its forcible contact with the floor, made possible by the fact that the top of the "Z" from its elevated position can be bent downward. The force applied to accomplish this fastening is a positive downward force which the shape of the "Z" with its vertical midportion (reinforced by the Smoothedge strip) and elevated top makes possible. It is a force wholly unavailable and unutilized in Watson.[2] Furthermore, as the Adams application points out, the resulting beveled edge is different in point of appearance.

> "The carpet appears to merge with the floor or the hearth as the case may be. In this way an especially pleasing appearance is effected * * *."

We hold that the Adams patent is not a mere aggregation of old devices lacking in any new and useful result; that the metal edging strip in itself and in combination with the carpet retaining strip is new to the art, was the result of inventive faculty and constitutes invention.

Affirmed.

1. The application for patent covers eight claims. Four are combination claims specifying both the metal strip and a nonmetallic carpet retaining strip. Four are subcombination claims which do not specify the carpet retaining strip and describe the metal strip only, referring to it as adapted to being secured to the floor or supporting surface.

2. Appellant points out that the Watson profile is not wholly horizontal. There, as in Adams, the outer portion of the strip is elevated above the inner naileddown portion so that the carpet may be folded over and under. The profile may be likened to a "Z" which has been pulled apart until the midstroke is an open diagonal rather than one doubling back on itself. Appellants assert that the only difference between the two patents is in the degree of angle of the midstroke of the "Z". In our view, the difference is more than one of degree. Neither the elevation of the outer edge nor the angle of the midportion in Watson will permit the exercise of the downward force or accomplish the forcible contact with the floor which the Adams design provides.